U.S. District Court
Middle District of Florida
DEFENDANTS' EXHIBITS

Exhibit No: 4

Case Nos:
3:09-cr-304-J-25TEM
3:09-cr-305-J-25TEM

United States
v.
Larry M. Provencal
Allen S. Provencal

Date Identified: 10/25/11

Date Admitted: 10/25/11


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:09-cr-344-J-32TEM

MILDRED ANN RUSSELL

### UNITED STATES' AMENDED MOTION FOR REDUCTION OF DEFENDANT'S SENTENCE BASED UPON SUBSTANTIAL ASSISTANCE

The United States of America, by and through the undersigned Assistant United States Attorney and pursuant to the provisions of Section 5K1.1 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(e), hereby files this amended motion for reduction of the defendant's sentence to reflect her substantial assistance to the government in the investigation and prosecution of other persons. This motion replaces the original motion for reduction of sentence (doc. 27), which was filed on July 11, 2011. Amending the motion became necessary when the government received the final Presentence Investigation Report on July 11, 2011, moments after the original motion was filed. The final presentence report sets forth calculations under the Sentencing Guidelines that are different from the calculations set forth in the initial report. The initial report stated that the guidelines range was 70-87 months[1] and the final report states that the guidelines range is 46-57 months. This reduction of the guidelines range came as a surprise to the government, which had not received any notice that the final report would include such a change.

---

[1] As discussed below, the range was 70-87 months before consideration of the five-year statutory maximum sentence.

The only revisions made in this amended motion reflect the change in the guidelines range set forth in the final presentence report, and revisions were made only in this introductory section and in the "Recommended Sentence Reduction" section, below. In addition to filing this amended motion, the government has filed objections to the revised guidelines calculations and resulting guidelines range contained in the final report. In its objections, the government contends that a 4-level, rather than a 2-level, upward adjustment should apply under USSG § 3B1.1 for the defendant's role in the offense and that a 2-level upward adjustment should apply under USSG § 3B1.3 for the defendant's abuse of a position of trust.

## Procedural Background

The defendant agreed to be charged by information rather than by indictment and on October 30, 2009, the government filed an information charging her with conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371 (doc. 1). After negotiations between her counsel and the government, the defendant pled guilty on April 19, 2010, pursuant to a plea agreement (doc. 12). See doc. 8. The sentencing hearing was continued several times to allow the defendant to substantially complete her assistance to the government. See docs. 18, 20, 23, 24, 26. The sentencing hearing presently is set for 10:00 a.m. on July 18, 2011.

## Defendant's Substantial Assistance

The defendant began her assistance to the government early in the case, at about the time she agreed to waive indictment in October, 2009.[2] In interviews with FBI

---

[2] As noted above, the defendant waived indictment and agreed to plead guilty to an information. Although waiving indictment does not, by itself, rise to the level

2

agents and undersigned counsel, the defendant provided information about other persons who were involved in mortgage fraud. Furthermore, she was always available to provide–and often provided–additional information and documents requested by the government. Undersigned counsel and the FBI case agent both believe that the defendant has provided, to the best of her ability, complete and truthful information. Two of the persons about whom the defendant provided information have been charged: David Wesley Vickers, who was indicted on December 16, 2009, in Case No. 3:09-cr-394(S1)-J-32JRK, and Monalisa Shalonda Davis, who was indicted on June 15, 2011, in Case No. 3:11-cr-157-J-32JRK. The defendant testified before the grand jury in both cases.

As the Court is aware, Vickers partnered with another person to build new homes or to buy and renovate older homes and then to sell those homes at a profit. Vickers assisted buyers in obtaining mortgage loans through the mortgage brokerage business of the defendant in the present case. His proceeds from the fraud were substantially higher than the proceeds of the defendant. Vickers went to trial in December, 2010, and the defendant testified at the trial. She was the primary witness and she was on the witness stand for about one and a half days. Before the trial, the defendant met with the FBI case agent and undersigned counsel for many hours over several (non-consecutive) days to discuss not only her trial testimony but also the documentation and details of the transactions in which Vickers was involved. These

---

of substantial assistance, a waiver of indictment does save the government the time and effort it would have expended to prepare an indictment and related documents, obtain internal approval for the indictment, and present the indictment to the grand jury.

3

discussions greatly assisted undersigned counsel in preparing for trial and organizing the government's presentation of the evidence.

Davis was a mortgage broker who worked through the defendant's mortgage brokerage business. When Davis began working through the defendant's brokerage in the Fall of 2006, she was not a licensed mortgage broker, but she obtained her license in December, 2007. For the transactions in which Davis was the broker, she received a percentage of the mortgage broker fee and the defendant received the rest, with Davis's percentage increasing after she received her license. Two of the fraudulent transactions for which Davis was the mortgage broker involved properties owned by the defendant. If Davis decides to go to trial, the defendant will be an important witness against her.

The defendant also provided information about several other persons involved in mortgage fraud, including sellers like Vickers whose proceeds exceeded those of the defendant. Some of these other persons pled guilty without knowledge of the defendant's cooperation. For most of the others, the government has not developed, and is not likely to develop, sufficient evidence to charge them. A few others remain under investigation and the government has not yet decided whether it will seek an indictment from the grand jury for any of them.

In its recommendation of the amount of sentence reduction that the defendant should receive, the government has taken into account not only the defendant's providing information about persons who have not yet been charged but also the possibility that, if one or more of them is charged, it may ask the defendant to testify before the grand jury, at trial, or both. The government also has taken into account the

4

possibility that it may ask the defendant to testify at Davis's trial, if Davis does not plead guilty. Accordingly, unless unforeseen circumstances arise, the government does not intend to file a motion under Fed. R. Crim. P. 35(b) for a further reduction of sentence as a result of any future assistance by the defendant in these matters.

### Recommended Sentence Reduction

As noted above, in the final Presentence Investigation Report disclosed to the parties on July 11, 2011, the Probation Office states that the applicable guidelines range is 46-57 months, based upon a Total Offense Level of 23 and a Criminal History Category of I. As also noted above, the initial presentence report disclosed to the parties on June 16, 2010, stated that the applicable guidelines range was 70-87 months, based upon a Total Offense Level of 27 and a Criminal History Category of I, before consideration of the five-year statutory maximum sentence. As further noted above, the government has filed objections to the final presentence report. The defendant also has advanced objections, contending that the loss attributable to the defendant should be less, that the 2-level upward adjustment for 10 or more victims should not apply, and that the 2-level upward adjustment for her role in the offense should not apply.

Because the maximum sentence permitted under 18 U.S.C. § 371 is five years, any guidelines range is capped at 60 months. As a result, the guidelines "range" set forth in the initial presentence report was 60 months. However, to the extent that any reduction of sentence for the defendant's substantial assistance is determined by reference to subtraction of offense levels under the guidelines, the government contends that the starting point for the reduction should be the guidelines that would

apply without consideration of the statutory cap. The higher range more accurately reflects the nature, circumstances, and seriousness of the offense and the history and characteristics of the defendant, at least insofar as those matters are taken into account by the guidelines. Furthermore, disregarding the statutory cap places the defendant in the same position as a defendant who committed a similar offense but who was charged under the fraud conspiracy statute, 18 U.S.C. § 1349, which provides for a maximum sentence of 20 years.

The United States considers the defendant's assistance to be substantial and recommends a reduction of the defendant's sentence. If the Court sustains the government's objections, overrules the defendant's objections, and applies a guidelines range of 70-87 months, the government recommends a six-level reduction of the guidelines offense level. If the Court follows this recommendation, the guidelines range will be reduced from 70-87 months (at Offense Level 27, Criminal History Category I) to 37-46 months (at Offense Level 21, Criminal History Category I). At the low ends of these ranges, the defendant's sentence would be reduced by 33 months, which is a reduction of about 47% from the low end of the range of 70-87 months.

In the event that the Court determines that the starting point for a reduction under the guidelines should be the technically applicable "range" of 60 months set forth in the initial presentence report, the government recommends a reduction of the guidelines offense level such that the resulting range is 37-46 months. The first guidelines range below Offense Level 27 that includes a sentence of 60 months at Criminal History Category I is 57-71 months at Offense Level 25. Accordingly, if the

Case 3:09-cr-00341-TJC-TEM   Document 30   Filed 07/14/11   Page 7 of 8 PageID 97

"range" used as a starting point is 60 months, the government recommends a 4-level reduction from Offense Level 25 to Offense Level 21.

If the Court overrules either or both of the government's objections or sustains any of the defendant's objections such that the resulting Total Offense Level is Offense Level 25 or below, the government recommends a four-level reduction in the resulting Total Offense Level. Thus, for example, if the Court overrules all of the parties' objections and finds that the Total Offense Level should be 23, as determined by the Probation Office in the final presentence report, the government recommends a reduction of four levels to Offense Level 19, which at Criminal History Category I results in a guidelines range of 30-37 months.

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court grant this motion, reduce the defendant's sentence in accordance with the above recommendation, and impose a sentence within the Sentencing Guidelines range determined by the Court.

    Respectfully submitted,

    ROBERT E. O'NEILL
    United States Attorney


By:  *s/ Arnold B. Corsmeier*
    ARNOLD B. CORSMEIER
    Assistant United States Attorney
    Florida Bar No. 869139
    300 North Hogan Street, Suite 700
    Jacksonville, Florida 32202-4270
    Telephone: (904) 301-6300
    Facsimile: (904) 301-6310
    E-mail: chip.corsmeier@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mitchell A. Stone, Esq.
1830 Atlantic Blvd.
Jacksonville, FL 32207

s/ Arnold B. Corsmeier
ARNOLD B. CORSMEIER
Assistant United States Attorney